IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDIA TECHNOLOGIES LICENSING, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> QUALEX INC., d/b/a EVENT IMAGING : <br> SOLUTIONS, EASTMAN KODAK COMPANY, : <br> d/b/a EVENT IMAGING SOLUTIONS, THE : <br> WALT DISNEY COMPANY and SHARPSHOOTER : <br> IMAGING, LLC, : <br> : <br> Defendants. : | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Media Technologies Licensing, LLC ("MTL"), for its Complaint against defendants Qualex Inc., d/b/a Event Imaging Solutions ("Qualex"), Eastman Kodak Company ("Kodak"), The Walt Disney Company ("Disney"), and SharpShooter Imaging, LLC ("SharpShooter"), allege upon personal knowledge with respect to themselves and their own acts, and upon information and belief with respect to all other matters, as follows:

## **THE PARTIES**

1. MTL is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 344 El Camino Dr., Suite 100, Beverly Hills, CA.

2. Upon information and belief, Qualex is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2040 Stirrup Creek Drive, Suite 100, Durham, NC . Qualex has a registered agent for service, Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE.

Qualex appears to conduct at least some of its business under the name Event Imaging Solutions.

3.   Upon information and belief, Kodak is a corporation organized and existing under the laws of the Sate of New Jersey, with its principal place of business at 343 State Street, Rochester, New York.  Kodak has a registered agent for service in Delaware, Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE.

4.   Upon information and belief, Disney is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 South BuenaVista Street, Burbank, CA.  Disney has a registered agent for service, Corporation Service Company, located at 2711 Centerville Road Suite 400, Wilmington, Delaware.

5.   Upon information and belief, SharpShooter is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 11901 W. 48th Ave, Wheat Ridge, CO.  SharpShooter has a registered agent for service, Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

## **JURISDICTION**

6.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this is a civil action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.

7.   This Court has personal jurisdiction over Qualex, Disney, and SharpShooter for the reason, among others, that Qualex, Disney, and SharpShooter are corporations organized and existing under the laws of the State of Delaware.  Qualex, Disney, and SharpShooter have used and practiced and continue to use and practice MTL's patented systems and methods throughout the United States, including in the State of Delaware.  This Court has personal jurisdiction over Kodak for at least three reasons.  First, Kodak transacts business through photo kiosks

throughout Delaware. Second, Kodak has held out Qualex, a corporation organized and existing under the laws of the State of Delaware, as its agent, at least by allowing Qualex to operate under its company name. Third, Kodak and Qualex are alter egos of one another as both operate at least in part under the name "Event Imaging Solutions.". Kodak has used and practiced and continues to use and practice MTL's patented systems and methods throughout the United States, including in the State of Delaware.

8. Qualex, Kodak, Disney, and SharpShooter are each subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Delaware long-arm statute, 10 Del. C. § 3104 and Fed. R. Civ. P. 4(e).

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C.§§ 1391(b) and (c), and § 1400(b).

## GENERAL ALLEGATIONS

10. MTL, by assignment, has the right to sue and collect for past and present infringement of United States Patent No. 7,301,558 ("the '558 patent") entitled "Imaging System and Method," which duly and legally issued on November 27, 2007. The '558 patent is presumed to be, and is, valid and enforceable. None of the Defendants are licensed under the '558 patent. A copy of the '558 patent is attached hereto as Exhibit A.

11. Upon information and belief, Qualex has infringed and is continuing to infringe, and, at least as early as upon notice of this Complaint, contributorily infringes and/or induces others to infringe, one or more claims of the '558 patent by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not limited to directly infringing one or more of the claims of the '558 patent, inducing others to infringe one or more of the claims of the '558

patent, and/or contributing to another's infringement of one or more of the claims of the '558 patent in the United States, at least by means of the imaging system and services it makes, sells, offers and/or uses, including but not limited to the system and service offered via mysixflagsphotos.com.

12. Upon information and belief, Kodak has infringed and is continuing to infringe, and, at least as early as upon notice of this Complaint, contributorily infringes and/or induces others to infringe, one or more claims of the '558 patent by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not limited to directly infringing one or more of the claims of the '558 patent, inducing others to infringe one or more of the claims of the '558 patent, and/or contributing to another's infringement of one or more of the claims of the '558 patent in the United States, at least by means of the imaging system and services it makes, sells, offers and/or uses, including but not limited to the system and service offered via mysixflagsphotos.com.

13. Upon information and belief, Disney has infringed and is continuing to infringe, and, at least as early as upon notice of this Complaint, contributorily infringes and/or induces others to infringe, one or more claims of the '558 patent by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not limited to directly infringing one or more of the claims of the '558 patent, inducing others to infringe one or more of the claims of the '558 patent, and/or contributing to another's infringement of one or more of the claims of the '558 patent in the United States, at least by means of the imaging system and services it makes, sells, offers and/or uses, including but not limited to the system and service "Disney's PhotoPass."

14. Upon information and belief, SharpShooter has infringed and is continuing to infringe, and, at least as early as upon notice of this Complaint, contributorily infringes and/or

induces others to infringe, one or more claims of the '558 patent by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not limited to directly infringing one or more of the claims of the '558 patent, inducing others to infringe one or more of the claims of the '558 patent, and/or contributing to another's infringement of one or more of the claims of the '558 patent in the United States, at least by means of the imaging system and services it makes, sells, offers and/or uses, including but not limited to the system and service it offers via mysharpshooterphotos.com.

## COUNT I

(INFRINGEMENT OF THE '558 PATENT BY QUALEX)

15. MTL repeats and incorporates by reference the allegations in paragraphs 1-14 above, as if fully set forth herein.

16. Upon information and belief, in violation of 35 U.S.C. § 271(a), Qualex has infringed, and is currently infringing, one or more claims of the '558 patent.

17. Upon information and belief, at least as early as upon notice of this Complaint, in violation of 35 U.S.C. § 271(b), Qualex has induced the infringement of one or more claims of the '558 patent.

18. Upon information and belief, at least as early as upon notice of this Complaint, in violation of 35 U.S.C. § 271(c), Qualex has contributed to the infringement of one or more claims of the '558 patent.

19. Upon information and belief, at least as early as upon notice of this Complaint, the infringement of the '558 patent by Qualex has been willful.

20. Upon information and belief, Qualex's infringement of the '558 patent will continue unless enjoined by this Court.

21. As a direct and proximate consequence of Qualex's infringement of the '558 patent, MTL has suffered and will continue to suffer irreparable injury and damages, in an amount to be determined at trial, for which MTL is entitled to relief.

22. Upon information and belief, at least as early as upon notice of this Complaint, Qualex's infringement of the '558 patent is exceptional and entitles MTL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

(INFRINGEMENT OF THE '558 PATENT BY KODAK)

23. MTL repeats and incorporates by reference the allegations in paragraphs 1-14 above, as if fully set forth herein.

24. Upon information and belief, in violation of 35 U.S.C. § 271(a), Kodak has infringed, and is currently infringing, one or more claims of the '558 patent.

25. Upon information and belief, at least as early as upon notice of this Complaint, in violation of 35 U.S.C. § 271(b), Kodak has actively induced the infringement of one or more claims of the '558 patent.

26. Upon information and belief, at least as early as upon notice of this Complaint, in violation of 35 U.S.C. § 271(c), Kodak has contributed to the infringement of one or more claims of the '558 patent.

27. Upon information and belief, at least as early as upon notice of this Complaint, the infringement of the '558 patent by Kodak has been willful.

28. Upon information and belief, Kodak's infringement of the '558 patent will continue unless enjoined by this Court.

29. As a direct and proximate consequence of Kodak's infringement of the '558

patent, MTL has suffered and will continue to suffer irreparable injury and damages, in an amount to be determined at trial, for which MTL is entitled to relief.

30. Upon information and belief, at least as early as upon notice of this Complaint, Kodak's infringement of the '558 patent is exceptional and entitles MTL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### (INFRINGEMENT OF THE '558 PATENT BY DISNEY)

31. MTL repeats and incorporates by reference the allegations in paragraphs 1-14 above, as if fully set forth herein.

32. Upon information and belief, in violation of 35 U.S.C. § 271(a), Disney has infringed, and is currently infringing, one or more claims of the '558 patent.

33. Upon information and belief, at least as early as upon notice of this Complaint, in violation of 35 U.S.C. § 271(b), Disney has actively induced the infringement of one or more claims of the '558 patent.

34. Upon information and belief, at least as early as upon notice of this Complaint, in violation of 35 U.S.C. § 271(c), Disney has contributed to the infringement of one or more claims of the '558 patent.

35. Upon information and belief, at least as early as upon notice of this Complaint, the infringement of the '558 patent by Disney has been willful.

36. Upon information and belief, Disney's infringement of the '558 patent will continue unless enjoined by this Court.

37. As a direct and proximate consequence of Disney's infringement of the '558 patent, MTL has suffered and will continue to suffer irreparable injury and damages, in an

amount to be determined at trial, for which MTL is entitled to relief.

38. Upon information and belief, at least as early as upon notice of this Complaint, Disney's infringement of the '558 patent is exceptional and entitles MTL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

(INFRINGEMENT OF THE '558 PATENT BY SHARPSHOOTER)

39. MTL repeats and incorporates by reference the allegations in paragraphs 1-14 above, as if set forth fully herein.

40. Upon information and belief, in violation of 35 U.S.C. § 271(a), SharpShooter has infringed, and is currently infringing, one or more claims of the '558 patent.

41. Upon information and belief, at least as early as upon notice of this Complaint, in violation of 35 U.S.C. § 271(b), SharpShooter has induced the infringement of one or more claims of the '558 patent.

42. Upon information and belief, at least as early as upon notice of this Complaint, in violation of 35 U.S.C. § 271(c), SharpShooter has contributed to the infringement of one or more claims of the '558 patent.

43. Upon information and belief, the infringement of the '558 patent by SharpShooter has been willful.

44. Upon information and belief, SharpShooters's infringement of the '558 patent will continue unless enjoined by this Court.

45. As a direct and proximate consequence of SharpShooters's infringement of the '558 patent, MTL has suffered and will continue to suffer irreparable injury and damages, in an amount to be determined at trial, for which MTL is entitled to relief.

46. Upon information and belief, at least as early as upon notice of this Complaint, SharpShooter's infringement of the '558 patent is exceptional and entitles MTL to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, MTL respectfully requests that this Court enter judgment in its favor and against Defendants and grant the following relief:

A. A judgment that Qualex has infringed and continues to infringe the '558 patent;

B. A judgment that Kodak has infringed and continues to infringe the '558 patent;

C. A judgment that Disney has infringed and continues to infringe the '558 patent;

D. A judgment that SharpShooter has infringed and continues to infringe the '558 patent;

E. A judgment that the '558 patent is not invalid and is enforceable;

F. A preliminary and permanent injunction restraining and enjoining each of Qualex, Kodak, Disney, and SharpShooter, and their respective officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products and services identified above;

G. An order, pursuant to 35 U.S.C. § 284, awarding MTL damages adequate to compensate MTL for Qualex's, Kodak's, Disney's, and SharpShooter's infringement of the '558 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions by Qualex, Kodak, Disney, and SharpShooter;

H. An order, pursuant to 35 U.S.C. § 284, based on Qualex's, Kodak's, Disney's, and SharpShooter's willful infringement of the '558 patent, trebling all damages awarded to

MTL under the '558 patent;

I.  An order, pursuant to 35 U.S.C. § 284, awarding to MTL pre-judgment and post-judgment interest and its costs incurred in this action;

J.  An order, pursuant to 35 U.S.C. § 285, finding this case exceptional and awarding to MTL its reasonable attorneys' fees; and

K.  Such other and further relief as this Court may deem just, proper, and equitable.

## DEMAND FOR JURY TRIAL

MTL respectfully demands a trial by jury on all claims and issues so triable.

PROCTOR HEYMAN LLP

/s/ *Neal C. Belgam*
Neal C. Belgam (# 2721)
E-mail: nbelgam@proctorheyman.com
1116 N. West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Plaintiff
Media Technologies Licensing, LLC

OF COUNSEL:

Philip J. Graves
pgraves&graveswalton.com
Brian Lam
blam@graveswalton.com
GRAVES & WALTON, LLP
12121 Wilshire Blvd., Suite 775
Los Angeles, CA  90025
(310) 295-6500

Dated:  January 10, 2010